**E-Filed 07/14/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TAUHEEDAH ABDUR-RASHEED,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PERALTA COMMUNITY COLLEGES (LANEY COLLEGE),<br><br>　　　　　　　Defendants. | Case Number: 11-CV-1744-JF<br><br>ORDER DENYING MOTION TO DISMISS FOR INSUFFICIENT SERVICE, DENYING MOTION TO QUASH SERVICE, AND GRANTING MOTION TO TRANSFER VENUE[1]<br><br>[re: docket no. 8] |

　　Plaintiff Tauheedah Abdur-Rasheed ("Abdur-Rasheed") asserts a claim for employment discrimination against Defendant Peralta Community Colleges ("Peralta") pursuant to Title VII of the Civil Rights Act, under 42 U.S.C. 2000e-5(g). Peralta moves to dismiss for insufficient service of process, or in the alternative, to quash service and change venue. The Court has considered the moving and responding papers and the oral arguments presented at the hearing on June 24, 2011. For the reasons discussed below, the motions to dismiss and to quash will be denied, and the motion to transfer venue will be granted.

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

In 1990, Peralta hired Abdur-Rasheed as a permanent ten-month physical education teacher at Merritt College ("Merritt"), which is part of Peralta. Compl. p. 9.[1] Abdur-Rasheed obtained a master's degree in Physical Education, Health, and Recreation in 2004. *Id.* From 2005 onward, Abdur-Rasheed has been requesting a twelve-month assignment as physical education teacher at Laney College ("Laney"), which also is part of Peralta. *Id.* During the summer of 2009, Abdur-Rasheed took a six-week assignment at Laney, but she was not given a full-time position despite the fact that Laney had a vacancy and school policy required the college to make an effort to hire from a list of part-time teachers before making new hires. *Id.* at 13. Instead, Laney hired two male teachers (one Caucasian, one African-American) who lacked the Master's Degree that school policy required. *Id.* at 5, 17. Abdur-Rasheed alleges discrimination on the basis of sex, age, religion, disability, and retaliation. *Id.* at 4, 5.

Peralta moves to dismiss for insufficient service of process, or in the alternative, to quash service and change venue pursuant to Civil Local Rule 3-2(c). Abdur-Rasheed opposes the motions.

## II. DISCUSSION

**A.  Dismissal for Insufficient Service Under Rules 4 and 12(b)(5)**

At the hearing in the motions, counsel for Peralta conceded that Abdur-Rasheed properly has effected service since the motions were filed. Accordingly the only remaining issue is the proper venue for this action.

**B.  Motion to Transfer Venue**

Civil Local Rule 3-2 provides in relevant part:

> **(c) Assignment to a Division**. Pursuant to the Court's Assignment Plan ... all civil actions and proceedings for which this district is the proper venue shall be assigned by the clerk to a Courthouse serving the county in which the action arises. A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred ... .
> **(d) San Francisco and Oakland**. Except as provided in Civil L.R. 3-2(c), all civil

---

[1] Abdur-Rasheed's complaint is unpaginated and contains diverse documents and photocopied excerpts.

| | |
|---|---|
| 1 | actions which arise in the count[y] of Alameda ... shall be assigned to the San Francisco Division or the Oakland Division. |
| 2 | Civ. L.R. 3-2(c),(d) |

Pursuant to Title 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Under Section 1406(a), "a district court has no discretion to retain a case in which venue is improper, but rather is required to dismiss or transfer the case." *In re Sorrells*, 218 B.R. 580 (B.A.P. 10th Cir. 1998).

It is undisputed that in the present case, Abdur-Rasheed's claims arise from actions or omissions by persons at Merritt and Laney, both of which are located in Alameda County. Accordingly, the motion to transfer venue must be granted.

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motions to dismiss and to quash are DENIED, and that the motion to transfer is GRANTED.  The Clerk shall reassign this action to a judge in the San Francisco or Oakland Division.

IT IS SO ORDERED.

DATED: 07/14/2011

_____
JEREMY FOGEL
United States District Judge

Case No. 11-CV-01744 JF
ORDER DENYING MOTION TO DISMISS FOR INSUFFICIENT SERVICE, ETC.
(JFEX1)