UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TAUHEEDAH ABDUR-RASHEED,<br><br>    Plaintiff,<br><br>  vs.<br><br>PERALTA COMMUNITY COLLEGES<br>(LANEY COLLEGE),<br><br>    Defendant. | Case No:  C 11-01744 SBA<br><br>**ORDER GRANTING IN<br>PART AND DENYING IN PART<br>DEFENDANT'S MOTION TO<br>DISMISS**<br><br>Docket 33 |

   Plaintiff, a 61-year-old African-American, Muslim and disabled female, alleges that her former employer, Defendant Peralta Community Colleges ("Defendant" or "Peralta"), discriminated and retaliated against her on account of her race, religion, sex and disability. She alleges federal claims under Title I of The Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.; and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq.  Plaintiff also alleges supplemental state law claims for breach of contract and breach of collective bargaining agreement.  The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a).

   The parties are presently before the Court on Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 36.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART the motion, as set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.    **BACKGROUND**

  A.    **FACTUAL SUMMARY**

    1.    **Employment History**

Beginning in 1990, Plaintiff began working at Merritt College ("Merritt") as a Physical Education ("PE") instructor.  Id. ¶ 10 & Ex. V.  Merritt is one of four campuses located in Alameda County operated by Peralta.  Id. ¶ 2.  The three other campuses are: Laney College ("Laney"); the College of Alameda; and Berkeley City College.  Id. ¶ 2. Plaintiff's employment was governed by a collective bargaining agreement ("CBA") entered into by Peralta and Plaintiff's union, the Peralta Federation of Teachers ("Union"). Id. ¶ 27 & Ex. R.

While at Merritt, Plaintiff made numerous attempts to obtain a position at Laney. Specifically, after earning a Master's Degree in Physical Education, Health and Recreations in 2004, Plaintiff requested an assignment to teach PE classes at Laney.  Id. ¶ 11.  Her request was declined.  Id.  Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), which was subsequently resolved pursuant to a Settlement Agreement, dated June 25, 2005 ("2005 Settlement Agreement"). Id.  The agreement provided that Merritt must provide Plaintiff with equal consideration to work in the Fitness Center, a continued opportunity to teach aerobics and access to computer equipment, among other things.  Id. Ex. B.

From 2005 to 2009, Plaintiff continued to request an assignment to teach PE classes at Laney, but her requests were denied and/or ignored by Defendant.  Id. ¶¶ 13-15.  She claims that Peralta's actions were discriminatory, as other less-qualified, younger, non-Muslim, non-disabled persons were given placements at Laney.  Id.

On June 29, 2009, Plaintiff complained to her supervisor about what she perceived as discriminatory treatment.  Id. ¶ 16.  In particular, Plaintiff claimed that her supervisor retaliated against her by falsely and publicly accusing her of photographing a male counterpart at work.  Id. ¶ 18.  Later in 2009, Peralta allegedly refused her request for a reasonable accommodation due to a knee injury.  Id. ¶ 21.

On May 28, 2010, Peralta notified Plaintiff that its Board of Trustees had eliminated certain positions due to budget cuts, and that she was being laid off, effective July 14, 2010. Compl. ¶ 30 & Ex. V.

### 2.    EEOC Charges

During and after her term of employment with Peralta, Plaintiff filed four EEOC charges based on various complaints of discrimination and retaliation.

On February 8, 2010, Plaintiff filed an EEOC charge against Peralta for discrimination based on race, sex, religion, age, and retaliation.  Id. ¶ 25.

Less than a week after submitting her first complaint, Plaintiff filed a second EEOC charge against Peralta on February 16, 2010 for discrimination based on race, sex, disability, and retaliation.  Id.

On May 11, 2010, Plaintiff filed a third EEOC Charge against Peralta, this time, for discrimination based on disability and retaliation.  Id. ¶ 32 & Ex. W.

On August 24, 2010, Plaintiff filed her fourth and final EEOC Charge against Peralta for discrimination based on sex, disability, and retaliation.  Id. Ex. X.

The EEOC issued a Right-to-Sue letter to Plaintiff based on her first EEOC charge on January 6, 2011.  Id. Ex. O.  On October 26, 2011, the EEOC issued a second Right-to-Sue letter to Plaintiff based on her fourth EEOC Charge.  Id. Ex. X.

### B.    PROCEDURAL HISTORY

On April 8, 2011, Plaintiff, acting pro se, filed a form employment discrimination complaint in this Court alleging that Peralta failed to hire her on account of her race, religion and sex.  Compl., Dkt. 1.  Plaintiff also alleged that Peralta breached the EEOC Settlement Agreement and retaliated again her by making unspecified false accusations to the EEOC.  On July 14, 2011, Judge Fogel granted Peralta's motion to transfer venue, and the action was transferred to the San Francisco/Oakland Division of this Court.  Dkt. 22.

On October 28, 2011, Plaintiff, now represented by counsel, filed a First Amended Complaint ("FAC"), which alleges eight claims for relief:  (1) disability discrimination under the ADA; (2) race discrimination under Title VII; (3) sex discrimination under Title

VII; (4) religious discrimination under Title VII; (5) age discrimination under the ADEA; (6) retaliation under Title VII; (7) breach of contract; and (8) breach of the CBA.  FAC ¶¶ 34-113, Dkt. 29.  These claims do not specifically identify the conduct that forms the basis thereof; rather, they merely incorporate by reference all of the conduct alleged in the first thirty-three paragraphs of the FAC, which chronicles various events since her hiring in 1990.

Defendant now moves to dismiss Plaintiff's seventh claim for breach of contract and eighth claim for breach of collective bargaining agreement, and to limit the temporal scope of Plaintiff remaining claims for discrimination and retaliation.  Plaintiff and Peralta timely filed an opposition and reply, respectively.  The matter is fully briefed and is ripe for adjudication.[1]

## II.    LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The plaintiff must allege facts sufficient to "nudge

---

[1] Absent from Defendant's motion is the requisite certification that the parties met and conferred prior to the filing of said motion.  See Standing Orders ¶ 5, Dkt. 25.  Had the parties complied with the Court's meet and confer requirement, it is apparent that some of the issues presented in the motion could have been resolved informally.  The parties are reminded of their obligation to meet and confer prior to filing any motion or request.

his claims ... across the line from conceivable to plausible." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009) (quoting Twombly, 550 U.S. at 570). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  Stated another way, the allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Id.  In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

## III.   DISCUSSION

### A.   BREACH OF THE CBA

"It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement," pursuant to § 301 of the LMRA. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983).  To state such a claim, "an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." Id.  "[A]n employee's failure to exhaust contractually mandated procedures precludes judicial relief for breach of the collective bargaining agreement and related claims." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 985-86 (9th Cir. 2007).

The mandatory procedure for pursuing a grievance under the CBA is set forth in Article 19 of the CBA.  Def.'s RJN Ex. A ("CBA").  The initial step of the grievance procedure is the "Informal Review" process, which requires the faculty member to first seek an informal meeting with his or her first level manager. Id. Art. 19, ¶ O.  If the dispute is not resolved at the Informal Review level, the matter proceeds to a three-step "Formal Review" process within the specified time-frames. Id.  Step 1 requires the grievant to submit a formal written grievance using the Faculty Grievance Form to the College President, who then is obligated to hold an in person conference and issue a written decision.  If the grievant is dissatisfied with the College President's response at Step 1, the

grievant continues to Step 2, which requires him or her to forward the Faculty Grievance Form to the Vice Chancellor for Finance and Administration, who then must meet with the grievant and issue a written decision on the grievance.  Id.  If the grievant is dissatisfied with the result at Step 2, only the Union may escalate the grievance to Step 3.  Id.  At Step 3, the Union may seek to have the grievance resolved by mediation, other alternative dispute resolution methods, or binding arbitration.  Id.

The FAC does not allege that Plaintiff exhausted her administrative remedies in accordance with the CBA—and Plaintiff tacitly concedes in her opposition brief that she failed to do so.  Instead, Plaintiff claims that she "*attempted* to exhaust the [CBA]'s grievance procedures on August 14, 2009 by complaining to high ranking officials."  Pl.'s Opp'n at 4 (emphasis added).  Under the specified grievance procedure, however, Plaintiff should have first sought an informal meeting with her supervisor, as opposed to complaining to "high ranking officials."  CBA Art. 19, ¶ O.  That aside, Plaintiff's communications with those officials make no mention of any complaints of discrimination or retaliation, and instead, pertain only to whether she was on the Part-Time Faculty Rehire Preference Pool list.  Compl. Ex. S.  And even if Plaintiff's emails could be construed as an effort to initiate the Informal Review process, Plaintiff fails to allege any facts showing that she attempted to comply with any of the three steps comprising the Formal Review process.

Alternatively, Plaintiff contends that between August 2009 and May 2010, she attempted to commence the grievance process by contacting her Union representative, but was informed that Peralta was in compliance with the CBA and "that [the Union] could not help her."  Pl.'s Opp'n at 5-6.  This allegation is not set forth in the FAC, and as such, cannot be considered in response to a motion to dismiss.  See Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  That aside, Plaintiff's argument misses the mark.  Under the CBA, a faculty member, such as Plaintiff, has the right and the responsibility to initiate the Informal Review and Formal Review process to address grievances.  Thus, whether or not the Union agreed that the grievance had any merit or was willing to assist Plaintiff is entirely beside the point.  In light of Plaintiff's failure to exhaust

1  her administrative remedies under the CBA, the Court GRANTS Peralta's motion to

2  dismiss Plaintiff's eighth claim for breach of the CBA.  Said claim is dismissed with leave

3  to amend.[2]

4  ### B.   BREACH OF CONTRACT

5  Plaintiff's seventh claim alleges that Peralta breached the 2005 Settlement

6  Agreement.  As an initial matter, Peralta contends that it is not bound by the 2005

7  Settlement Agreement on the grounds that the obligations thereunder only apply to Merritt,

8  while Plaintiff alleges that the breach was allegedly committed by Laney.  Def.'s Mot. at

9  13.  As Plaintiff points out in her opposition, however, the FAC alleges that Peralta is a

10  single entity that is bound by and which breached the terms of the agreement.  Pl.'s Opp'n

11  at 7; FAC ¶¶ 2, 107.  Tellingly, Peralta does not respond to Plaintiff's contention.

12  Peralta next contends that Plaintiff's breach of contract claim fails on the ground that

13  she has failed to allege compliance with the California Tort Claims Act ("CTCA").  "As a

14  condition precedent to suit against a public entity, the [CTCA] requires the timely

15  presentation of a written claim and the rejection of the claim in whole or in part."  Mabe v.

16  San Bernardino County, Dept. of Public Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001).

17  This requirement applies to claims for breach of contract.  Loehr v. Ventura County Comty.

18  College Dist., 147 Cal.App.3d 1071, 1079 (1983).

19  California Government Code § 910 requires that a "claim" include: (1) the name and

20  address of the claimant, (2) the address to which notices are to be sent, (3) the date, place

21  and other circumstances of the occurrence or transaction which gave rise to the claim

22  asserted, (4) a general description of the indebtedness, obligation, injury, damage or loss

23

24  [2] Plaintiff is granted leave to amend to allege facts demonstrating exhaustion,
   provided that she has a good faith basis for doing so consistent with Federal Rule of Civil
25  Procedure 11.  The Court also notes that Plaintiff posits that she may be able to state a
   "hybrid claim," i.e., that the union breached its duty of fair representation and the employer
26  breached the CBA.  See DelCostello, 462 U.S. at 164.  To the extent Plaintiff desires to add
   a hybrid claim she may submit a stipulation to amend the pleadings, or if no stipulation is
27  reached, file a motion for leave to amend under Rule 15(a)(2).  Before submitting any
   request to amend, Plaintiff shall meet and confer with Defendant regarding its contention
28  that a hybrid claim may only be brought before the Public Employee Board of Relations.

incurred, (5) the name or names of the public employee or employees causing the injury, damage, or loss, and (6) the amount claimed if it totals less than $10,000.  Cal. Gov. Code § 910.  Because compliance with the CTCA is deemed to be a substantive element of a plaintiff's claim, compliance must be stated or shown in a complaint in order for a plaintiff to proceed on the claim.  See Cal. Gov't Code § 910; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

Plaintiff asserts that Peralta is not a public entity subject to the CTCA.  This contention lacks merit.  A community college district, such as Peralta, is a "local public entity," within the meaning of the CTCA, to which a claim must be presented as a condition precedent to bringing a lawsuit for money or damages.  Cal. Gov. Code, § 900.4; see Loehr, 147 Cal.App.4th at 1078; Santos v. Merritt College, No. C-07-5227 EMC, 2008 WL 2622792, at *4 (N.D. Cal., July 1, 2008).  Thus, the Court finds that Plaintiff's contract claim is subject to the CTCA's claim presentation requirements.

Alternatively, Plaintiff contends that to the extent that her claims are subject to the CTCA, she has "substantially complied" with its requirements.  Opp'n at 8.  If a claimant has attempted to comply with the CTCA's requirements but the claim is deficient in some way, the doctrine of substantial compliance may validate the claim "if it substantially complies with all of the statutory requirements ... even though it is technically deficient in one or more particulars."  Connelly v. County of Fresno, 146 Cal.App.4th 29, 38 (2006).  Here, Plaintiff concedes that she never complained to Peralta's human resources department regarding Peralta's compliance with the 2005 Settlement Agreement.  Nonetheless, Plaintiff argues that Peralta was placed on notice of her contract claim based on her first EEOC administrative charge, dated February 8, 2010.

Plaintiff's claim of substantial compliance is uncompelling.  Her EEOC charge makes no mention of the 2005 Settlement Agreement or its terms.  See FAC Ex. O.  Nor does it make a demand for damages, as required for claims in excess of $10,000.  See Cal. Gov. Code § 910.  These deficiencies foreclose Plaintiff's claim of substantial compliance.  See Connelly, 146 Cal.App.4th at 52 ("The doctrine of substantial compliance, however,

- 8 -

cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute.") (internal quotations and citations omitted).

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's seventh claim for breach of contract, which is dismissed with prejudice.

## C.   DISCRIMINATION CLAIMS

### 1.   Religious and Age Discrimination

Title VII provides that employers may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a)(1). The ADEA prohibits an employer from engaging in discrimination against an employee because of an employee's age.  29 U.S.C. § 623.   Both Title VII and the ADEA require exhaustion of administrative remedies before filing a lawsuit alleging employment discrimination. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); e.g., B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099-1100 (9th Cir. 2002).

To timely exhaust administrative remedies under Title VII or the ADEA, a plaintiff must file a charge with the EEOC within 180 days from the last act of alleged discrimination, unless the complainant initially institutes proceedings with a state or local agency, in which case the EEOC charge must be filed within 300 days of the last discriminatory act, or within 30 days of receiving notice that the state or local agency has terminated proceedings, whichever is earlier.  42 U.S.C. § 2000e-5(e); 29 U.S. § 626(d)(1). Furthermore, a plaintiff seeking to file a complaint in federal court under Title VII or ADEA must do so within 90 days of receiving the EEOC's right to sue letter.  42 U.S.C. § 2000e-16(c); 29 U.S.C. § 626(e); see also Sanchez v. Pac. Powder Co., 147 F.3d 1097, 1099 (9th Cir. 1998).

Here, Plaintiff filed her initial administrative charge with the EEOC on February 8, 2010, wherein she alleged discrimination, inter alia, on the basis of age and religion.  FAC Ex. O.  Though she filed three subsequent EEOC charges, none of them again alleged age

1    or religious discrimination.  Id. Exs. P, W, X.  Thus, Peralta contends that Plaintiff's claims

2    for religious and age discrimination are limited to conduct occurring within the 300 day

3    period prior to the initial February 8, 2010 charge, i.e., April 14, 2009.  Def.'s Mot. at 14.

4    In addition, Peralta argues that Plaintiff's claims cannot be predicated on conduct occurring

5    after February 8, 2010, the date of the EEOC charge.  Id.  Plaintiff does not directly

6    respond to Peralta's argument, and merely asserts that "[her] claims for discrimination

7    based on age and religion *are* supported by factual allegations of discrete acts of adverse

8    employment occurring between April 14, 2009 and February 8, 2010.  Pl.'s Opp'n at 10.

9    Given Plaintiff's tacit concession that conduct outside of that window of time is not

10   actionable, the Court GRANTS Peralta's motion to dismiss Plaintiff's claims for religious

11   and age discrimination insofar as they are based on any conduct occurring prior to April 14,

12   2009 and after February 8, 2010.

### 2.      Race Discrimination

13

14       Both her initial and second administrative charges and her charge, dated February 8

15   and 16, 2010, respectively, included a claim of race discrimination.  As such, Defendant

16   contends that all acts of alleged race discrimination occurring more than 300 days prior to

17   February 8, 2009 (i.e., April 14, 2009) and after February 16, 2010 should be barred for

18   failure to exhaust.  Def.'s Mot. at 14.  As above, Plaintiff does not dispute that race

19   discrimination claims arising from conduct outside that time-frame are not actionable.  Pl.'s

20   Opp'n at 10.  Accordingly, the Court GRANTS Peralta's motion to dismiss Plaintiff's

21   claim for race discrimination insofar as it is based on any conduct occurring prior to April

22   14, 2009 and after February 16, 2010.

### 3.      Sex Discrimination and Retaliation

23

24       All four of Plaintiff's administrative charges alleged discrimination on account of

25   her sex (gender) and retaliation.  As the first such charge was filed on February 8, 2010,

26   Defendant contends, and Plaintiff does not dispute, that any conduct occurring more than

27   300 days prior to that date is not actionable.  Accordingly, the Court GRANTS Peralta's

28

motion to dismiss Plaintiff's claims for sex discrimination and retaliation insofar as they are based on any conduct occurring prior to April 14, 2009.

### 4.    Disability Discrimination

The first administrative charge containing a claim for disability discrimination is dated February 16, 2010.  As above, Defendant contends, and Plaintiff does not dispute, that any conduct occurring more than 300 days before that date, i.e., April 22, 2009, is not actionable as disability discrimination.  Accordingly, the Court GRANTS Peralta's motion to dismiss Plaintiff's claims for disability discrimination insofar as it is based on any conduct occurring prior to April 22, 2009.

## IV.    <u>CONCLUSION</u>

IT IS HEREBY ORDERED THAT:

1.    Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART as follows:

a.    Defendant's motion to dismiss Plaintiff's claim for breach of contract is GRANTED.  Said claim is dismissed with prejudice.

b.    Defendant's motion to dismiss Plaintiff's claim for breach of the CBA is GRANTED.  Said claim is dismissed with leave to amend.  Plaintiff shall have fourteen (14) days from the date this Order is filed to file a Second Amended Complaint, consistent with the Court's rulings.  Plaintiff is advised that any additional factual allegations set forth in her amended complaint must be made in good faith and consistent with Rule 11.

c.    Defendant's motion to dismiss Plaintiff's claims for religious and age discrimination is GRANTED insofar as they are based on any conduct occurring prior to April 14, 2009 and after February 8, 2010.

1    d.      Defendant's motion to dismiss Plaintiff's claim for race discrimination

2    is GRANTED insofar as it is based on any conduct occurring prior to April 14, 2009 and

3    after February 16, 2010.

4    e.      Defendant's motion to dismiss Plaintiff's claims for sex discrimination

5    and retaliation are GRANTED insofar as they are based on any conduct occurring prior to

6    April 14, 2009.

7    f.      Defendant's motion to dismiss Plaintiff's claims for disability

8    discrimination is GRANTED insofar as it is based on any conduct occurring prior to April

9    22, 2009.

10    2.      This Order terminates Docket No. 33.

11    IT IS SO ORDERED.

12    Dated: May 25, 2012

*Saundra B Armstrong*

13    SAUNDRA BROWN ARMSTRONG
United States District Judge